UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                  **ORDER**
                                                              99-CR-186S

ROBERT METTAL,

                Defendant/Petitioner.

---

## I. INTRODUCTION

Currently before this Court are Petitioner's *pro se* motions to modify his federal term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Specifically, Petitioner alleges that an amendment to the United States Sentencing Guidelines ("U.S.S.G.") requires this Court: (1) to modify his federal sentence to run concurrently with a subsequently imposed state prison sentence, and (2) to reduce his federal sentence based on time served while in custody awaiting sentencing. For the following reasons, Petitioner's motions are denied.

## II. BACKGROUND

Petitioner alleges the following facts in support of his motions. On December 17, 1998, Petitioner was arrested on a state law drug violation by the Erie County Police Department. (Pet.'s First Mot., p. 2). Three days later, the United States Marshal issued a detainer for Petitioner based on federal charges stemming from his drug distribution activities. (Pet.'s First Mot., p. 2). This federal detainer precluded Petitioner's eligibility for bail on the state offense. (Pet.'s First Mot., p. 2).

On March 28, 2000, Petitioner appeared before this Court and pled guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine pursuant to a plea agreement with the Government. (Docket No. 4). On July 13, 2000, this Court

sentenced Petitioner to the custody of the Bureau of Prisons ("BOP") for a term of 86 months, and a supervised release term of five years. (Sent. Tr., Robert Mettal, July 13, 2000, p. 19).

Shortly thereafter, Petitioner pled guilty to an unspecified state law drug violation. (Pet.'s First Mot., p. 2). With respect to the case against him in state court, Petitioner contends that he "plead [sic] guilty with [the] stipulation [that] he would serve the state term imposed concurrently in a BOP federal facility." (Pet.'s First Mot., p. 2). According to Petitioner, "[he] was sentenced on the state case on July 24, 2000, to six years to life, to run concurrently with the federal sentence, and [to be] served in a federal facility." (Pet.'s First Mot., p. 2). However, Petitioner realized "something was not right in view of the state plea bargain" when he "was taken from his cell with the initiation of processing for transfer to the New York Department of Corrections" following his sentencing in the state court. (Pet.'s First Mot., p. 2).

Petitioner, acting *pro se*, filed a Motion to Reduce His Term of Imprisonment in the United States District Court on December 16, 2003.[1] Based upon this Court's initial review of the official record and discussions with the Probation Office, it appeared that Petitioner had already received some or all of the relief requested in his Motion. Accordingly, by Order entered on July 1, 2004, this Court directed the Government to file a sur-reply affidavit with respect to Petitioner's request for a modification of his sentence.

---

[1] In support of his Motion, Petitioner filed a Memorandum of Law, a Reply with an Exhibit, and a Motion to Supplement Authorities. The Government filed a Response, and a Reply to Response in opposition to the Motion. On August 12, 2004, December 10, 2004, and March 4, 2004, Defendant filed submissions reiterating his request for custody credit.

### III.  DISCUSSION

Petitioner moves pursuant to 18 U.S.C. § 3582(c)(2) for a retroactive modification of his sentence based on a subsequent amendment to the Sentencing Guidelines. Section 3582(c) states the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed." See 18 U.S.C. § 3582(c); Quesada Mosquera v. United States, 243 F.3d 685, 686 (2d Cir. 2001).  However, section 3582(c)(2) sets forth an exception which authorizes a court to reduce or modify the term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission." See 18 U.S.C. § 3582(c)(2); Quesada Mosquera, 243 F.3d at 686.  "This exception enables a defendant to benefit from amendments to the sentencing guidelines that are enacted after the defendant is sentenced.  If the amendment would have lowered the defendant's initial sentencing range, he may ask the court to resentence him."  Quesada Mosquera, 243 F.3d at 686.

"In instances when sentencing ranges have been lowered by the Sentencing Commission subsequent to sentencing, a Court is permitted to 'reduce the term of imprisonment,' but only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Silva, 337 F. Supp. 2d 573, 575 (S.D.N.Y. 2004) (quoting 18 U.S.C. § 3582(c)(2)); see also United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002).  U.S.S.G. § 1B1.10 provides the relevant policy statement. In pertinent part, U.S.S.G. § 1B1.10 states:

> [w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection*

> *(c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.*

See U.S.S.G. § 1B1.10.  In other words, "if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commissions's policy statement," and therefore, is not authorized.  United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Perez, 129 F.3d 255, 258-59 (2d Cir.1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994).

In the instant matter, Petitioner relies on amendment 660 to the Sentencing Guidelines.  Effective as of November 1, 2003, this amendment modified U.S.S.G. § 5G1.3, and clarified its rule of application.[2]  See U.S.S.G. § 5G1.3, appl. n. 2, app. C, amend. 660; United States v. Brennan, 395 F.3d 59, 66-67 (2d Cir. 2005).  Generally, U.S.S.G. § 5G1.3 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.  See U.S.S.G. § 5G1.3.  Since its amendment,

---

[2] An amendment that "merely 'clarifies and simplifies the guideline provisions' . . . do[es] not substantively change the Guidelines." United States v. Hendrickson, 26 F.3d 321, 330 n. 6 (2d Cir.1994) (internal citations omitted). Because clarifying amendments do not represent a change in the law but simply clarify the existing law, they may apply retroactively in certain circumstances, even if they are not included in the list of retroactive amendments set forth in U.S.S.G. § 1B1.10. "Most circuits agree that a court must give retroactive effect to clarifying amendments to sentences on direct review, even if those amendments are not contained in [U.S.S.G.] § 1B1.10." Vasquez v. United States, No. 89 CR. 478(RPP), 2001 WL 668933, *3 (S.D.N.Y.) (S.D.N.Y. June 13, 2001) (collecting cases). "The Court of Appeals for the Second Circuit, however, has specifically declined to retroactively apply clarifying but non-Section 1B1.10 amendments on motions for modification." Id. (citing Perez, 129 F.3d at 258-59 (holding 18 U.S.C. § 3582 inapplicable to an amendment not listed in U.S.S.G. § 1B1.10(c))). Therefore, although amendment 660 is styled as a clarifying amendment, it cannot be applied retroactively on a motion for modification under 18 U.S.C. § 3582, absent inclusion in U.S.S.G. §1B1.10.

U.S.S.G. § 5G1.3(b) directs that where a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, "[t]he court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." See U.S.S.G. § 5G1.3(b)(1). Further, U.S.S.G. § 5G1.3(b) mandates that "[t]he sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." See U.S.S.G. § 5G1.3(b)(2).

Finally, U.S.S.G. § 5G1.3(c) provides that in any case involving an undischarged term of imprisonment not covered by subsections (b) and (c), "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." See U.S.S.G. § 5G1.3(c). Petitioner alleges that amendment 660 to U.S.S.G. § 5G1.3 requires this Court to modify his federal sentence to run concurrently with his subsequently imposed state sentence, and to reduce his federal term based on time served while in custody awaiting sentencing.

A review of U.S.S.G. § 1B1.10, however, reveals that the Sentencing Commission has not identified amendment 660 as an amendment that may be applied retroactively. See U.S.S.G. § 1B1.10(c). As such, this Court does not have the authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) because such a reduction would not be consistent with the Sentencing Commission's applicable policy statement. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c); Perez, 129 F.3d at 258-59; Silva, 337 F. Supp. 2d at 575.

Petitioner's reliance on amendment 660 is misplaced for another reason. Even assuming *arguendo* that this Court had the authority to resentence Petitioner, he does not fulfill the prerequisite for application of amendment 660. Specifically, Petitioner did not face an undischarged term of imprisonment when he was sentenced on the instant federal offense. Generally, to determine whether an amendment would have lowered a prisoner's sentencing range, a judge must consider "the facts about the defendant as they existed at the time of his original sentencing." Quesada Mosquera, 243 F.3d at 686. In Petitioner's case, it is undisputed that when he was sentenced in this Court on his federal offense, he had not yet been sentenced in state court. Further, there is no evidence before this Court which suggests that Petitioner was otherwise subject to an undischarged term of federal or state imprisonment at the time of his sentencing. As such, the provisions of U.S.S.G. § 5G1.3, and any amendments thereto, are wholly inapplicable to Petitioner's situation.[3]

Furthermore, this Court finds that Petitioner waived his right to appeal or collaterally attack his sentence in his plea agreement provided that his federal sentence fell within or below the stipulated sentencing range. Specifically, Paragraph 19 of Petitioner's plea agreement states,

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. **The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and**

---

[3] Petitioner cites to Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), and United States v. Mallon, 345 F.3d 943 (7th Cir. 2003), in support of his argument that his sentence should be reduced. Petitioner's reliance on these cases, however, is misplaced. In Ruggiano, the district court did not apply U.S.S.G. § 5G1.3 retroactively, but rather adjusted Defendant's federal sentence for time served on his pre-existing state conviction in the first instance. In Mallon, upon direct appeal by the Government, the Court of Appeals for the Seventh Circuit vacated the Defendant's sentence after concluding that the downward departures imposed by the district court were not warranted.

6

**collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment. . . .**

Petitioner's federal sentence did not exceed that stipulated sentencing range of 168-210 months. (Plea Agreement, ¶ 12). Moreover, Petitioner does not allege and there is no evidence before this Court which suggests that his waiver was not knowing and voluntary. Because Petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence, his waiver is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998). Accordingly, Petitioner's motions to modify his sentence must be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's various motions to modify his federal term of imprisonment are denied.

## V.  ORDERS

IT HEREBY IS ORDERED that Petitioner's Motion to Reduce His Term of Imprisonment (Docket No. 13) is DENIED.

FURTHER, that Petitioner's Motion to Supplement Authorities (Docket No. 18) is DENIED.

FURTHER, that Petitioner's Motion to Grant the 18 U.S.C. § 3582(c)(2) Custody Credit (Docket No. 21) is DENIED as moot.

FURTHER, that Petitioner's Motion to Grant Custody Credit Pursuant to U.S.S.G. § 5G1.3 (Docket No. 22) is DENIED as moot.

FURTHER, that Petitioner's Second Motion for Custody Credit  (Docket No. 23) is DENIED as moot.

SO ORDERED.

Dated:   May 16, 2005
        Buffalo, New York

                                                       /s/William M. Skretny
                                                       WILLIAM M. SKRETNY
                                                       United States District Judge